NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-1144
_____


MONTE K. FREEMAN,
o/b/o himself and all others similarly situated,
                                                    Appellant
v.

MML BAY STATE LIFE INSURANCE COMPANY


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-10-cv-04019)
District Judge:  Hon. Jose L. Linares
_____


Argued September 13, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed: September 21, 2011)
_____


Lee R. Anderson, Esq.
Richard M. Paul, III , Esq.   (Argued)
Patrick J. Stueve
Stueve Siegel Hanson LLP
460 Nichols Road
Suite 200
Kansas City, MO  64112

Patrick L. Rocco, Esq.
Stone Bonner & Rocco

447 Springfield Avenue
2nd Floor
Summit, NJ  07901

John J. Schirger, Esq.
Miller Schirger
4520 Main Street
Suite 1570
Kansas City, MO  6411

     *Attorneys for Appellant*

Joel S. Feldman, Esq.
Robert B. Hochman, Esq. (Argued)
David B. Johnson, Esq.
Jason M. Adler, Esq.
Sidley Austin
One South Dearborn Street
Chicago, IL  60603

Steven P. Del Mauro, Esq.
Robert L. Ghelli, Esq.
McElroy, Deutsch, Mulvaney & Carpenter
100 Mulberry Street
Three Gateway Center
Newark, NJ  07102

     *Attorneys for Appellee*

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Monte Freeman appeals from the District Court's grant of summary judgment in favor of MML Bay State Life Insurance Company ("MML"). We will affirm.[1]

In 2005, the United States District Court for the District of New Jersey approved a settlement agreement between MML and a nationwide class of its policy owners that included Freeman.[2] *See Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207 (D.N.J. 2005). In exchange for significant compensation (valued by the District Court at about $700 million), class members consented to a broad Release.[3] The Release bars *Varacallo* class members from bringing any claim "on the basis of, connected with, arising out of, or in any way related to, in whole or in part," inter alia, the following transactions: "the expenses and/or costs (including all expenses, charges, and other deductions) charged or to be charged against the Policy or Policies," the "terms, . . . and operation of any Policy, including . . . the amount or method of calculation of fees, charges, commissions, distribution costs, administrative expenses, and/or taxes in connection with the sale of, as part of the premiums for . . . a Policy," the "cost of insurance, and administrative charge

_____

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment, and apply the same standard applicable in the District Court found in Fed. R. Civ. P. 56. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

[2] Freeman does not dispute that he was a Varacallo class member, that he received notice of the settlement, and that he did not opt out of the settlement.

[3] In agreeing to the settlement, MML did not concede that it had engaged in any wrongful conduct. *Varacallo*, 226 F.R.D. at 217. Moreover, the settlement did not require MML to make any changes to any of the released transactions, including its fees and the cost of insurance.

practices whether past present or future," and "the Company's Policy or premium charges and monthly deductions." App. at 136-39.

The Release also states that class members "acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the Released Transactions or with respect to their Policies." App. at 143. Nevertheless, the Release continues, "it is the intention of . . . the Class Members in executing this Release fully, finally, and forever [to] settle, release, discharge, and hold harmless all such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed . . . with respect to their Policies . . . ." *Id.* It is difficult to imagine a more comprehensive release. However, the Release cautions that "nothing in [the] Release shall be deemed to . . . release a Class Member's right to assert any claims that independently arise from acts, facts, or circumstances arising exclusively after the end of the Class Period." App. at 142; *see also Varacallo*, 226 F.R.D. at 244 ("Future claims for future conduct are not included in the release.").

On January 15, 2010, Freeman filed the instant complaint in the District of Connecticut, alleging that MML "[b]eginning at or after the commencement of the Policy term [in Freeman's case, 1999] . . . began breaching the terms of the Policy on a monthly basis by deducting as mortality charges, amounts unrelated to mortality," which is "inconsistent with its internal mortality tables." App. at 6. On MML's motion, the Connecticut court transferred the action to the District of New Jersey to determine whether the claims are barred by the *Varacallo* release because that court, having

4

overseen the *Varacallo* settlement, "is best equipped to undertake that assessment." *Freeman v. MML Bay State Life Ins. Co.*, No. 3:10-cv-66 (D. Conn. July 15, 2010). MML filed a motion for summary judgment on the ground that Freeman's claims are barred by the *Varacallo* Release, and the District Court granted the same.

Freeman argues that the present claim is not barred by the *Varacallo* Release because the present claim is not based on the same factual predicate as the claims in the *Varacallo* litigation. The present claim, Freeman contends, involves MML's breach of the express terms of the Policy whereas the *Varacallo* litigation involved deceptive sales practices. Moreover, the present claim includes only actions that fall after the *Varacallo* class period (defined as January 1, 1983 to December 31, 2003). Freeman's arguments are unavailing.

It is settled in this circuit that a class representative can enter into a settlement that bars future claims by class members "even though the precluded claim was not presented, and could not have been presented, in the class action itself." *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001) (citations omitted). This rule promotes judicial economy by preventing the relitigation of settled questions resolved in comprehensive settlement agreements. *Id.* The key inquiry is whether the factual predicate for future claims is identical to the factual predicate underlying the settlement agreement. *See TBK Partners Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982), *cited with approval in In re Prudential*, 261 F.3d at 336.

In its analysis of that issue, the District Court noted that Freeman's claim "arises out of the same policy that made him a member of the *Varacallo* class." *Freeman v.*

*MML Bay State Life Ins. Co.*, No. 10-4019 (D.N.J. Jan 4, 2011). The plaintiffs' claims in

*Varacallo* included challenges to the administration of policies and the calculation of

policy charges. The fact that the plaintiffs in *Varacallo* were challenging different MML

practices with respect to the policies does not mean that the factual predicates are

different.[4] The settlement does not define the scope of the Release by reference to the

claims alleged in the *Varacallo* complaint, but rather, extends to the extensive list of

released transactions partially recounted *supra*. Freeman seeks to challenge precisely

what he is barred from challenging by the Release, to wit, the amount or method of

calculation of charges. We conclude that Freeman's present claim arises from the same

factual predicate as the plaintiffs' claims in *Varacallo*.

It is of no moment that Freeman seeks relief only for charges applied after the

*Varacallo* class period. The Release covers claims that could have been alleged at the

time provided they arise out of, or are in any way related to, the covered transactions.

Freeman's complaint alleges that the actions presently complained of (i.e. monthly

breaches of contract with respect to mortality charges) were occurring as early as 1999,

which was during the *Varacallo* class period. Therefore, the instant claim does not fall

within the Release's exception that allows class members to assert future claims for acts

---

[4] The *Varacallo* complaint asserted ten causes of action, including breach of express and implied contract and unjust enrichment, that challenged several MML practices including "improper practices in marketing, selling, servicing, and administering permanent and term life insurance as well as disability income insurance policies." *Varacallo*, 226 F.R.D. at 216. Despite the breadth of the *Varacallo* complaint, MML concedes that the *Varacallo* complaint did not specifically allege that MML was deducting as mortality charges amounts unrelated to mortality.

"arising exclusively after the end of the Class Period." App. at 142. It follows that Freeman cannot plead around the broad Release negotiated in the comprehensive settlement merely by asserting that some facts associated with his claim occurred outside of the class period.[5] Freeman has provided no compelling reason to reverse the District Court, the same court that oversaw the comprehensive settlement and that is therefore in the best position to interpret the scope of the Release.

For the foregoing reasons, we will affirm the order of the District Court.

---

[5] Freeman misplaces reliance on *Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010), and *Stephenson v. Dow Chem. Co.*, 273 F.3d 249 (2d Cir. 2001). In *Hesse* and *Stephenson*, the courts concluded that due process precludes a class action settlement from barring subsequent claims on behalf of class members where a conflict of interest prevented the named plaintiffs from adequately representing class members. *Hesse*, 598 F.3d at 589; *Stephenson*, 273 F.3d at 260-61. By contrast, Freeman has not alleged any conflict of interest on the part of the *Varacallo* plaintiffs or any other reason that their representation was inadequate. Likewise, *In re Conseco Life Ins. Co. Cost of Ins. Litigation*, No. ML 04-1610, 2005 WL 5678842 (C.D. Cal. Apr. 26, 2005), does not help Freeman. The court there concluded that the plaintiff's claims were not based on the same factual predicate as the class settlement because, unlike the instant case, the defendants' actions "first occurred years after the . . . settlement." *Id.* at *7. *Cf. Ross v. Metro. Life Ins. Co.*, 411 F. Supp. 2d 571, 578 n.3 (W.D. Pa. 2006) (holding plaintiff's claim barred under prior settlement because defendant's actions challenged by the plaintiff were also occurring during class period).